JUSTIN M. HEILIG
JOHN J. SULLIVAN
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE PEOPLE'S INSURANCE COMPANY OF CHINA (HONG KONG), LTD., | Case No. 21-cv-10113 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| DAMCO INTERNATIONAL B.V. and MAERSK LOGISTICS & SERVICES INTERNATIONAL A/S, | |
| Defendants. | |

Plaintiff The People's Insurance Company of China (Hong Kong) Ltd. ("PICC"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendants Damco International B.V. and Maersk Logistics & Services International A/S, alleges upon information and belief as follows:

1.      This subrogation action arises from loss or damage to cargoes transported, or intended to be transported, by ocean carriage from Asia to the United States.

2.      This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3.      The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in the operative bills of lading, sea

waybills, terms and condition of service, and/or contracts of carriage for the shipments at issue. Defendants has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum selection clauses.

4.     At all times relevant hereto, Plaintiff PICC was and now is a business entity organized and existing under foreign law, with an office and registered office at 15/F., Guangdong Investment Tower, 148 Connaught Road Central, Hong Kong.

5.     At all times relevant hereto, Plaintiff PICC was and now is an insurance company that insured the cargoes described in Schedule A (the "Cargoes"), which is annexed hereto and incorporated herein by reference.

6.     At all times relevant hereto, Defendant Damco International B.V. ("Damco") was and now is a business entity organized and existing under foreign law with an office and principal place of business at Turfmarkt 107 DP The Hague, Netherlands.

7.     At all times relevant hereto, Defendant Maersk Logistics & Services International A/S ("Maersk") was and now is a business entity organized and existing under foreign law with an office and principal place of business at Esplanaden 50, Copenhagen, 1098, Denmark.

8.     At all times relevant hereto, Defendant Damco was engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), licensed by and registered with the U.S. Federal Maritime Commission (no. 025105), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

9.     At all times relevant hereto, Defendant Maersk was and now is engaged in business as a an NVOCC and/or OTI, licensed by and registered with the U.S. Federal Maritime Commission (no. 029536), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

10.     Pursuant to and in accordance with 46 C.F.R. § 515.24, Defendants Damco and Maersk have each designated and maintain an agent in the United States for the receipt and service of legal and administrative process located at 180 Park Avenue, Building 105, Florham Park, NJ 07932.

11.     At all times relevant hereto, Defendants Damco and Maersk (together "Defendants") were and now are affiliated companies within the A.P. Møller-Mærsk Group, doing business individually and collectively under the trade or brand name "Damco" and/or "Damco International."

12.     Upon information and belief, Defendant Damco was rebranded, absorbed by, and/or integrated into Defendant Maersk in 2020 as part of a restructuring and/or realignment within the corporate group, such that Defendant Maersk is responsible for and now bears the liabilities of Defendant Damco.

13.     In or about November 2020 at the port of loading identified in Schedule A, the Cargoes were tendered to and delivered into the custody and/or control of Defendants (and/or their agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration and payment of freight charges, in the shipping containers and under the bills of lading and/waybills identified in Schedule A.

14.     However, on or about November 30, 2020, numerous containers fell overboard from the M/V ONE APUS and were lost at sea in the North Pacific (the "Casualty"), including those identified in Schedule A.

15.     Defendants (and/or their agents, servants, and/or subcontractors) thus failed to deliver the Cargoes to their destination in the same good order and condition as they were received.

16.     By reason of the premises, Defendants (and/or their agents, servants, and/or subcontractors, for whom Defendants are responsible) breached their statutory, contractual, and/or common law duties and obligations as NVOCCs, OTIs, and/or bailees of the Cargoes; were negligent and careless in their handling of the Cargoes; and are otherwise liable for the losses and damages described herein.

17.     Following the Casualty, the shipper, consignee, and/or owner of the Cargoes submitted an insurance claim to Plaintiff PICC under a policy then in full force and effect for the loss of and/or damage to the Cargoes, which Plaintiff PICC paid.

18.     By virtue of its payment to the shipper, consignee, and/or owner of the Cargoes, Plaintiff PICC became subrogated to all of their rights, remedies, and claims for relief with respect to the Cargoes, including those asserted against Defendants herein.

19.     Plaintiff PICC brings this action on its own behalf and on behalf of all parties who are or may become interested in the cargoes described in Schedule A, as their respective interests may ultimately appear, and Plaintiff PICC is entitled to maintain this action.

20.     All obligations and conditions precedent to be performed by the shipper, consignee, and/or owner of the Cargoes, and/or Plaintiff PICC as subrogee, have been performed, waived, or otherwise excused, including the payment of freight.

21.     By reason of the premises, Plaintiff PICC has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $564,987.06.

WHEREFORE, Plaintiffs PICC prays:

i.      that process be issued against Defendants Damco and Maersk in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

ii.     that judgment be entered against Defendants Damco and Maersk, jointly and severally, in the amount of $564,987.06, together with costs and interest; and

iii.    for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated:  New York, New York
          November 29, 2021

HILL RIVKINS LLP,
*Attorneys for Plaintiff*

By:_____

Justin M. Heilig
John J. Sullivan
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600

## SCHEDULE A

Container No.: GCXU5245457
Cargo: 4131 Cases of Swiffer Dusters
Bill of Lading/Sea Waybill: DMCQYATH124969

Container No.: GESU5781404
Cargo: 1683 Cases of Swiffer Hand Duster Kits
Bill of Lading/Sea Waybill: DMCQYATH124969

Container No.: BEAU5235638
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124971

Container No.: DRYU9530940
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124971

Container No.: NYKU4238491
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124971

Container No.: KKFU7980760
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124971

Container No.: KKFU7986201
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124972

Container No.: KKFU8109212
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124972

Container No.: FFAU1796301
Cargo: 2738 Cases of Swiffer Sweeper Starter Kits
Bill of Lading/Sea Waybill: DMCQYATH124973

Shipper: Hayco Manufacturing Limited
Consignee: Harvey Imports LLC
Place of Receipt: Yantian, China
Place of Delivery: Perris, California
Nature of Loss: Non-Delivery